[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CORRECT
ISSUE
Should the defendant's motion to correct be granted? The application for a variance, as to the special permit and site plan approval, was properly before the defendant. Accordingly, the motion to correct should be granted. However, because the plaintiff failed to demonstrate a legal hardship, the defendant's decision, denying the variance, should be affirmed.
FACTS
On April 16, 1992, the defendant filed a motion to correct Section D of the April 8, 1992 Memorandum of Decision. For any pertinent facts, please see page 2-3 of the memorandum of decision.
DISCUSSION
I. Was the Variance Application Properly Before the Defendant
On February 19, 1991, St. John's Church (hereinafter the "plaintiff") filed an application for a variance from the regulations requiring special permit and site plan approval and conformance with parking requirements.
On March 26, 1991, at the public hearing before the Zoning Board of Appeals (hereinafter the "defendant") the plaintiff's attorney made the following statements: "[a]t this time I would like to withdraw the variance application. We are not going to ask the board to act on those tonight." (Transcript, p. 11). "I am not asking the Board to consider any variances only the appeal." (Transcript, p. 35). Page 16 of the defendant's October 30, 1991 brief states: "[I]n the present case, the applicant withdrew their specific variance requests at the public hearing."
However, at the public hearing, the plaintiff's attorney also stated:
What I have done is circled the sections CT Page 6113 that I would like you to consider and under B-1 [request to use property without special permit and site plan approval] that is essentially what I am asking is put in the form of a variance so I would ask the Board to consider that as a variance, if it does not decide to overturn the decision of the zoning officer. . . .
(Transcript, p. 38).
The Board's decision upheld the cease and desist order and denied the variance. (ROR, Items # 4, 5).
Because the plaintiff requested a decision on the variance application concerning special permit and site plan approval if the zoning officer's decision was not overturned, the variance application was properly before the defendant.
II. Was the Defendant Correct in Denying the Variance
On April 23, 1991, the defendant denied the variance stating as the reason: "no legal hardship shown." (ROR, Item #5, p. 2).
In order to obtain a variance, a party must satisfy two conditions: 1) the variance will not substantially affect the comprehensive zoning plan; and 2) adherence to the strict letter of the zoning regulations is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709 (1988); Pollard v. Zoning Board of Appeals, 186, Conn. 32, 38-39 (1982); Archambault v. Wadlow, 25 Conn. App. 375, 381 (1991); General Statutes Section 8-6(3). A board does not have to grant a variance if a hardship is self inflicted. Pollard v. Zoning Board of Appeals, supra, 39, 44; Archambault v. Wadlow, supra, 381.
While the defendant argued that a church was a permitted use, the plaintiff provided no evidence to demonstrate a legal hardship, or if there was a hardship, that it was not self inflicted. Accordingly, the defendant's decision on the variance was correct and is hereby affirmed.
For the foregoing reasons, the defendant's motion to correct is granted and the defendants denial of the plaintiff's variance application is affirmed. CT Page 6114
HURLEY J.